# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERASTO CABAÑAS, <br><br> Plaintiff, <br><br> v. <br><br> CORK CITY PRODUCTIONS, LLC d/b/a THE GREEN DOOR TAVERN/THE DRIFTER, JANE RODAK, LOUIS C. WADDLE II a/k/a LOUIS C. WADDEN II, and R. JEFFREY LYNCH, individually, <br><br> Defendants. | |

## COMPLAINT

Plaintiff Erasto Cabañas, by and through his attorneys, Caffarelli & Associates Ltd., complains against Defendants Cork City Productions, LLC d/b/a The Green Door Tavern/The Drifter, Jane Rodak, individually, Louis C. Waddle II a/k/a Louis C. Wadden II, individually, and R. Jeffrey Lynch, individually, (collectively "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff and the putative members of the Plaintiff Collective one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' facilities in Chicago. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Erasto Cabañas resides in this judicial district, and has worked as a cook for Defendants at The Green Door Tavern during the applicable statute of limitations period.

5. The Plaintiff Collective Mr. Cabañas seeks to represent is comprised of similarly situated current and former employees of Defendants who were not paid overtime wages in violation of the FLSA and IMWL.

6. During the statutory period, Mr. Cabañas and the putative members of the Plaintiff Collective were "employees" of Defendants, as defined by the FLSA and IMWL.

7. Cork City Productions, LLC is an Illinois corporation doing business within this judicial district, with its primary location in Chicago, Illinois.

8. During the course of their employment, Mr. Cabañas and the putative members of the Plaintiff Collective handled goods that moved in interstate commerce and were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207, or IMWL, 820 Ill. Comp. Stat. § 105/4a.

9. Cork City Productions, LLC's annual gross volume of sales made or business done has been equal to or greater than $500,000 during Plaintiff's employment.

10. Cork City Productions, LLC is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Jane Rodak is an owner of Cork City Productions, LLC. Ms. Rodak has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Cork City Productions, LLC's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

12. Louis C. Waddle II a/k/a Louis C. Wadden II, is an owner of Cork City Productions, LLC. Mr. Waddle II has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Cork City Productions, LLC's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

13. R. Jeffrey Lynch is an owner of Cork City Productions, LLC. Mr. Lynch has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Cork City Productions, LLC's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

14. Each Defendant is an "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 Ill. Comp. Stat. § 105/3(c).

## FACTUAL ALLEGATIONS

15. The Green Door Tavern is a bar and restaurant in Chicago, Illinois.

16. The Drifter is a bar and restaurant in Chicago, Illinois.

17. Defendants employed Mr. Cabañas as a cook at The Green Door Tavern from in or around 2010 through March 2020.

18. Throughout his employment, Mr. Cabañas typically worked approximately between fifty (50) and fifty-five (55) hours per week.

19. During the relevant time period, Defendants paid Mr. Cabañas $12 or $13 per hour.

20. Mr. Cabañas regularly worked in excess of forty (40) hours per individual workweek.

21. Upon information and belief, the putative members of the Plaintiff Collective often worked in excess of forty (40) hours per week during the relevant time period.

22. Defendants compensated the putative members of the Plaintiff Collective in a manner that is the same or similar to the compensation practices described above.

23. Defendants failed to compensate Mr. Cabañas and the putative members of the Plaintiff Collective at the correct overtime rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per individual workweek.

24. Defendants knew or should have known about their obligations to adequately compensate their employees for all time worked, including compensation at the overtime rate for hours worked in excess of forty (40) per week, and intentionally did not do so.

25. Defendants acted in bad faith in failing to properly compensate Mr. Cabañas and putative members of the Plaintiff Collective for the work they performed.

## COUNT I – FAIR LABOR STANDARDS ACT (COLLECTIVE CLAIM)

26. Plaintiff restates and incorporates Paragraphs 1 through 25 as though fully set forth herein.

27. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff and the putative members of the Plaintiff Collective at the overtime rate for all hours worked in excess of forty (40) per workweek.

28. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206–207. Plaintiff has attached as **Exhibit A** his Notice of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

29. At all times relevant, the Defendants have been "employers" as defined in the FLSA. 29 U.S.C. 203(d).

30. At all times relevant, Plaintiff and the putative members of the Plaintiff Collective were "employees" of Defendants within the meaning of the FLSA. 29 U.S.C. 203(e)(1).

31. Plaintiff and the putative members of the Plaintiff Collective were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

32. Defendants failed to pay Plaintiff and the putative members of the Plaintiff Collective at the overtime rate for all hours worked over forty (40) per workweek.

33. Defendants' failure to pay compensation to Plaintiff and the putative members of the Plaintiff Collective at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

34. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Erasto Cabañas, individually and on behalf all others similarly situated, respectfully requests that this Court enter an order as follows:

a) Certifying this case as a Collective action pursuant to 29 U.S.C. § 216(b);

b) Awarding judgment for back pay equal to the amount of all unpaid compensation and overtime compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred in filing this action;

f) Entering an injunction precluding Defendants from violating the FLSA, 29 U.S.C. § 201, *et seq.*; and

g) Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW (INDIVIDUAL CLAIM)

35. Plaintiff restates and incorporates Paragraphs 1 through 25 as though fully set forth herein.

36. This Count arises from Defendants' violations of the IMWL for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

37. At all times relevant, Defendants have been "employers" as defined in the IMWL. 820 ILCS 105/3(c).

38. At all times relevant, Plaintiff was an "employee" of Defendants within the meaning of the IMWL. 820 ILCS 105/3(d).

39. Plaintiff regularly worked in excess of forty (40) hours per workweek.

40. Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

41. Defendants violated the IMWL by failing to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

42. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments for wages earned prior to February 19, 2019, statutory damages in the amount of five percent (5%) per month of the amount of underpayments for wages earned after February 19, 2019, plus treble the amount of any underpayments for wages earned after February 19, 2019.

WHEREFORE, Plaintiff Erasto Cabañas respectfully requests that this Court enter an order as follows:

    a) Awarding judgment in the amount of all unpaid back pay owed pursuant to the IMWL;

    b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. § 205/2;

    c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. § 105/12(a), including interest and treble damages;

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

    e) Entering an injunction precluding Defendants from violating the IMWL, 820 Ill. Comp. Stat. § 105/1, *et seq.*; and

    f) Awarding such additional relief as the Court may deem just and proper.

Dated: March 3, 2022

Alejandro Caffarelli
Nicole Young
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
*acaffarelli@caffarelli.com*
*nyoung@caffarelli.com*

Respectfully submitted,

ERASTO CABAÑAS, individually and on behalf of all others similarly situated


By: /s/ *Alejandro Caffarelli*
    Attorney for the Plaintiff